# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3: 04cr116

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ROBERT EARLY, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's *pro se* "Demand for Speedy Disposition of Pending Case Pursuant to the Interstate Agreement on Detainers or, In the Alternative, Motion to Dismiss" (#32). This court sentenced defendant on June 6, 2011, to 24 months imprisonment on the supervised release violation lodged with this court. According to defendant's instant motion, there is a pending state court proceeding against him and he makes demand of this court "for a final disposition of the above captioned case now pending before this court." This court has completely disposed of the criminal action brought in this court and it appears that the caption defendant has provided is "*North Carolina v. Robert Early*, 05CR205064," which this court assumes is defendant's state-court action.

Defendant is advised that even where state authorities have placed a detainer on him with federal prison authorities, a federal district court has no authority to dispose of the pending state criminal case or dismiss that case for an alleged violation of the Interstate Agreement on Detainers. Further, such notice to this court is ineffectual notice to state authorities:

> A prisoner against whom a detainer has been filed must be brought to trial within 180 days after the prosecuting officer in the appropriate court of

> the prosecuting officer's jurisdiction has received a written notice of the prisoner's place of imprisonment and the prisoner's request for final disposition, although for good cause shown in open court in the presence of the prisoner or counsel, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. **The 180-day period does not commence until the prisoner's notice and request have actually been delivered to the court and the prosecuting officer of the jurisdiction that lodged the detainer against the prisoner**, rather than at the time at which the prisoner transmits the notice and request to prison authorities.

FEDPROF § 20:1053 (footnotes omitted; emphasis added). A federal district court is not the "court and the prosecuting officer of the jurisdiction that lodged the detainer against the prisoner." Id.

"The Interstate Agreement on Detainers Act (IAD) is a compact among 48 states, the District of Columbia, and the Federal Government. It enables a participating State to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges." Reed v. Farley, 512 U.S. 339, 341 (1994). North Carolina is a participating state. See N.C.Gen.Stat. § 15A-761-767. Under Article III of the IAD, when a state lodges a detainer against a prisoner in custody in another state, the prisoner can request final disposition of all untried indictments, information, or complaints pending in the receiving state. N.C.Gen.Stat. § 15A-761, Art. III(a), (d). This request needs to be directed to the state court and the state prosecutor, not the federal court.

Petitioner is apparently alleging that the State of North Carolina has either not tried him within the time provided or is demanding that he be now be tried. In either case, this court lacks jurisdiction to hear the motion and it should be addressed to the appropriate state court because the alleged violation does not entitle him to relief under § 2254. "[T]he IAD is a federal law, subject to federal construction." New York v. Hill, 528 U.S. 110, 111 (2000). However, a state prisoner may bring a § 2254 petition to challenge a state's error in applying federal law only "when the error qualifies as 'a fundamental defect which inherently

> the prosecuting officer's jurisdiction has received a written notice of the prisoner's place of imprisonment and the prisoner's request for final disposition, although for good cause shown in open court in the presence of the prisoner or counsel, the court having jurisdiction of the matter may grant any necessary or reasonable continuance. **The 180-day period does not commence until the prisoner's notice and request have actually been delivered to the court and the prosecuting officer of the jurisdiction that lodged the detainer against the prisoner**, rather than at the time at which the prisoner transmits the notice and request to prison authorities.

FEDPROF § 20:1053 (footnotes omitted; emphasis added). A federal district court is not the "court and the prosecuting officer of the jurisdiction that lodged the detainer against the prisoner." Id.

"The Interstate Agreement on Detainers Act (IAD) is a compact among 48 states, the District of Columbia, and the Federal Government. It enables a participating State to gain custody of a prisoner incarcerated in another jurisdiction, in order to try him on criminal charges." Reed v. Farley, 512 U.S. 339, 341 (1994). North Carolina is a participating state. See N.C.Gen.Stat. § 15A-761-767. Under Article III of the IAD, when a state lodges a detainer against a prisoner in custody in another state, the prisoner can request final disposition of all untried indictments, information, or complaints pending in the receiving state. N.C.Gen.Stat. § 15A-761, Art. III(a), (d). This request needs to be directed to the state court and the state prosecutor, not the federal court.

Petitioner is apparently alleging that the State of North Carolina has either not tried him within the time provided or is demanding that he be now be tried. In either case, this court lacks jurisdiction to hear the motion and it should be addressed to the appropriate state court because the alleged violation does not entitle him to relief under § 2254. "[T]he IAD is a federal law, subject to federal construction." New York v. Hill, 528 U.S. 110, 111 (2000). However, a state prisoner may bring a § 2254 petition to challenge a state's error in applying federal law only "when the error qualifies as 'a fundamental defect which inherently

results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" Reed v. Farley, 512 U.S at 348 (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). In this case, defendant has not shown that he has exhausted his remedies with the state court prior to bringing this motion in this court.

In the end, this court believes that defendant has simply sent this motion to the wrong court. The court advises defendant that he needs to direct such motion to the state trial court and the state prosecutor. Petitioner's IAD claim is therefore not cognizable on federal habeas review and will be dismissed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's *pro se* "Demand for Speedy Disposition of Pending Case Pursuant to the Interstate Agreement on Detainers or, In the Alternative, Motion to Dismiss" (#32) is **DENIED** without prejudice as to filing such motion in state court and serving such motion on the state prosecutor.

Signed: October 25, 2011

Max O. Cogburn Jr.
United States District Judge